UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

ABDULAI FOFANAH,

                         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/18/2025__

24 Cr. 85-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Defendant, Abdulai Fofanah, moves *in limine* for an order suppressing evidence retrieved from a cellphone seized from his home and dismissing two counts in the indictment as duplicitous. Mot., ECF No. 33; *see also* Mem., ECF No. 34; Opp., ECF No. 38; Reply, ECF No. 39. For the reasons stated below, the motion is granted in part and denied in part.

## DISCUSSION

### I.  Cellphone Evidence

      Fofanah moves to suppress evidence obtained from a cellphone that was seized from his apartment in December 2023 pursuant to a search warrant. Mem. at 1. The responsive evidence from the phone, which includes videos and images, was not produced until February 26, 2025, almost 15 months later. *Id.* at 1; ECF No. 34-2 at 4; Opp. at 5. Fofanah argues that the Government took an unreasonable amount of time to search the phone and that the evidence should therefore be suppressed or, at a minimum, that the Court should hold an evidentiary hearing to determine whether the delay was reasonable. Mem. at 2. The Government contends that its review of the phone's contents, which began soon after the seizure and continued throughout the following year, was accomplished within a reasonable amount of time. Opp. at 8–11.

Law enforcement seized the phone from Fofanah's home on December 14, 2023, one day after the Honorable Ona T. Wang issued a warrant authorizing the seizure of "any computer devices and storage media . . . contain[ing] any electronically stored information [('ESI')]" and the "review" of such devices "us[ing] various techniques to locate information responsive to the warrant." Mem. at 1; ECF No. 38-1 at 6–7. Six days later, on December 20, a Homeland Security Investigations forensic examiner attempted to access the phone and extract data for review, and about three weeks after that, on January 11, 2024, the forensic examiner created a report of the extracted data (the "Original Data Report"). Opp. at 4–5. The report contained some of the phone's data in a readable format, but because of technical issues, certain types of data found on the phone, including media files such as videos and images, were not rendered reviewable, although metadata for these files was provided. *Id.* at 5. Shortly thereafter, the Government began its review of the report. *Id.*

On February 15, 2024, the Government filed an indictment charging Fofanah with conspiracy to export and possess stolen motor vehicles and exportation and possession of stolen motor vehicles. *Id.*; ECF No. 15. About four months later, on June 3, the Government produced the Original Data Report to Fofanah. Opp. at 5. The Government represents that, in August and September 2024, the forensic examiner made further attempts to produce the remainder of the phone's data in a readable format. *Id.*; ECF No. 38-2 ¶ 5. The examiner was ultimately successful, making the additional data available to the Government on September 13. Opp. at 5–6; ECF No. 38-2 ¶ 6. About five months later, on February 7, 2025, the Government produced the additional data to Fofanah, and a few weeks later, on February 26, the Government provided Fofanah with a subset of the additional data that it identified as responsive to the December 2023

2

warrant.  Opp. at 6; Mem. at 1.  In late February or early March 2025, the Government finished its review of the phone.  Opp. at 6.

Federal Rule of Criminal Procedure 41(e)(2)(B) provides that a warrant "may authorize the seizure of electronic storage media or the seizure or copying of [ESI]."  "Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant."  *Id.*  Although "there is no established upper limit as to when the government must review seized electronic data to determine whether the evidence seized falls within the scope of a warrant[,] . . . the Fourth Amendment requires the government to complete its review . . . within a 'reasonable' period of time."  *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012); *see United States v. Wey*, 256 F. Supp. 3d 355, 383–84 (S.D.N.Y. 2017).  "Numerous cases hold that a delay of several months between the seizure of electronic evidence and the *completion* of the government's review of that evidence as to whether it falls within the scope of the warrant is reasonable."  *Metter*, 860 F. Supp. 2d at 215.

The Court holds that the Government's search of the phone seized from Fofanah's apartment was accomplished in a reasonable amount of time.  Although a review period of fifteen months is "certainly not brief," it was not unreasonably long considering "the challenges of searching ESI from electronic devices" and the Government's multiple attempts to extract the data in a reviewable format.  *United States v. Daskal*, 676 F. Supp. 3d 153, 178–79 (E.D.N.Y. 2023) (finding that a review period of 23 months was reasonable).  Moreover, courts in this Circuit regularly find that similarly lengthy review periods are reasonable.  *See United States v. Almaleh*, No. 17 Cr. 25, 2022 WL 602069, at *20 (S.D.N.Y. Feb. 28, 2022); *United States v. Estime*, No. 19 Cr. 711, 2020 WL 6075554, at *14 (S.D.N.Y. Oct. 14, 2020); *United States v.*

3

*Sosa*, 379 F. Supp. 3d 217, 222 (S.D.N.Y. 2019).  Contrary to Fofanah's claim, this case is not like *Metter*, where the Government "seize[d] and image[d] electronic data and then retain[ed] that data with no plans whatsoever to *begin* review of that data to determine whether any irrelevant, personal information was improperly seized." 860 F. Supp. 2d at 215.  Here, the Government "exercised the appropriate diligence" by attempting to review the ESI almost immediately after the phone was seized and providing Fofanah with the Original Data Report within a few months of his indictment.  *United States v. Mendlowitz*, No. 17 Cr. 248, 2019 WL 1017533, at *11 (S.D.N.Y. Mar. 2, 2019); *see* Opp. at 4–5.  Although the Government would ideally have conducted a quicker review of the ESI once the forensic examiner rendered it readable to determine what evidence was or was not responsive, its delay was not excessive, especially given that it turned over all responsive material approximately two-and-a-half months before trial.  *See* Opp. at 10–11.  Fofanah's motion to suppress the cellphone evidence is, therefore, denied.

 II.  <u>Duplicitous Counts</u>

Fofanah contends that Counts Two and Three of the indictment should be dismissed because they are "duplicitous," alleging multiple crimes within the same substantive count.  Mem. at 4.  "An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of [Federal Rule of Criminal Procedure] 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby."  *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001).  A court looks to three possible sources of prejudice.  *United States v. Kandic*, No. 23-7146, 2025 WL 1085208, at *3–4 (2d Cir. Apr. 11, 2025).  First, a court determines whether the indictment "deprives a defendant

4

of his right to a unanimous verdict," thereby raising Sixth Amendment concerns and "undermin[ing] the basis for appropriate sentencing." *Id.* at *3 (citations omitted). Second, a court looks at whether the indictment "implicates the Double Jeopardy Clause of the Constitution" by creating the possibility that a defendant could be prosecuted a second time for the same offense. *Id.* at *4. Third, a court analyzes whether the indictment "implicates [a defendant's] right to notice of the charge against him" by failing to properly alert him to what charges the government seeks to prove. *Id.* (alteration adopted) (citation omitted).

Count One of the indictment charges Fofanah and his alleged co-conspirator, Mamadou Haidara, with conspiring to export and possess stolen motor vehicles between April and December 2023. ECF No. 15 at 1. Counts Two and Three charge Fofanah and Haidara with the substantive offenses that are the objects of the conspiracy charged in Count One, namely, exporting and possessing stolen motor vehicles during the same period. *Id.* at 2–3. The Government's initial complaint does not specify exactly how many stolen vehicles Fofanah allegedly exported and possessed, asserting only that, during the relevant period, "at least 12 stolen [l]uxury [c]ars were loaded into shipping containers, exported, or attempted to be exported as part of shipments arranged by [Haidara] or [Fofanah]." ECF No. 1 ¶ 17.

Fofanah argues that Counts Two and Three, both of which seemingly apply to multiple instances of exportation and possession of stolen motor vehicles, are duplicitous. Mem. at 6. According to Fofanah, by combining multiple alleged crimes, the two counts fail to provide him with sufficient notice of what the Government intends to prove at trial and risk "both a lack of juror unanimity and the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another." *Id.* at 6–7. Fofanah asks the

Court to dismiss the counts or, in the alternative, to require the Government to "identify the specific vehicle it plans to attempt to prove Mr. Fofanah 'export[ed]' or 'possess[ed]' for the respective count." *Id.* at 7. The Government contends that Counts Two and Three are not duplicitous and that, even if they are, "they are not *impermissibly*" duplicitous such that Fofanah is prejudiced. Opp. at 15.

Counts Two and Three allege that Fofanah and Haidara exported and possessed motor vehicles but do not identify how many or which vehicles specifically were exported or possessed. *See* Reply at 6–7; *see generally* ECF No. 15. As such, these charges "combine[] two or more distinct crimes into one count" and are duplicitous.[1] *Sturdivant*, 244 F.3d at 75; *see Kandic*, 2025 WL 1085208, at *4 (finding an indictment duplicitous when it charged a defendant with participating in a conspiracy that "resulted in the death of one or more persons").

As to prejudice, concerns about jury unanimity can be resolved with carefully crafted jury instructions and a verdict form with interrogatories, *see Kandic*, 2025 WL 1085208, at *4–5; *Sturdivant*, 244 F.3d at 79, and Fofanah does not contend that there exists a double jeopardy problem. The issue of notice, however, remains. The Government has prejudiced Fofanah's ability to develop a robust defense by not specifying which cars it intends to prove were involved in Fofanah's alleged crimes; in fact, the Government has not specified how many cars it intends to prove were involved, period. *See* Mem. at 6–7. This lack of notice is especially problematic

---

[1] As the Government observes, courts in this Circuit have previously held, when finding a count non-duplicitous, that "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *Sturdivant*, 244 F.3d at 76 (quoting *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989)); *see* Opp. at 12–13. The Second Circuit recently cast doubt on that longstanding rule by holding that an indictment that charged a defendant with participating in a conspiracy that "resulted in the death of one or more persons," even when those deaths could be characterized as part of a single terroristic scheme, was duplicitous. *Kandic*, 2025 WL 1085208, at *4.

6

considering that Fofanah might not know about certain acts committed by Haidara, his co-conspirator, in furtherance of the pair's alleged scheme. Accordingly, the Court shall order the Government to provide Fofanah with the list of stolen vehicles that it will attempt to prove he exported or possessed, or aided and abetted in the exportation or possession of, at trial.[2]

## CONCLUSION

For the foregoing reasons, Fofanah's motion *in limine* is GRANTED IN PART and DENIED IN PART. By **April 23, 2025**, the Government shall provide Fofanah with the list of stolen vehicles described above.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 33.

SO ORDERED.

Dated: April 18, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The Court shall not require the Government to identify, for each vehicle, whether Fofanah is the alleged principal or aider and abettor. *See United States v. Swinton*, 797 F. App'x 589, 598 (2d Cir. 2019) (explaining that "[j]oining aiding and abetting to a substantive crime is . . . not duplicitous").