USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    6/24/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                     :

UNITED STATES OF AMERICA
                                     :     CONSENT PRELIMINARY ORDER
           - v. -                        OF FORFEITURE AS TO SPECIFIC
                                       :     PROPERTY/
ABDULAI FOFANAH,                     MONEY JUDGMENT
                                       :

            Defendant.              24 Cr. 85 (AT)
                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 15, 2024, ABDULAI FOFANAH (the "Defendant"), and another, was charged in a three-count Indictment, 24 Cr. 85 (AT) (the "Indictment"), with conspiracy to export and possess stolen motor vehicles, in violation of Title 18, United States Code Section 371 (Count One); exportation of stolen motor vehicles, in violation of Title 18, United States Code, Sections 553(a) and 2 (Count Two); and possession of stolen motor vehicles, in violation of Title 18, United States Code, Sections 2313 and 2 (Count Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code Section 982(a)(5), of any and all property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or in directly, from the commission of the offenses including but not limited to a sum of money in United States currency representing the amount of gross proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

WHEREAS, on or about June 23, 2025, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18 United States Code, Section 982(a)(5): (i) a sum of money

equal to $1,602,420 in United States currency, representing proceeds traceable to the commission of the offense in Count One of the Indictment; and (ii) all right, title, and interest of the defendant in the following specific property:

    a.   a white 2023 Toyota RAV4 affixed with Vehicle Identification Number ("VIN") 2T3W1RFVXPC242767;

    b.   a black 2021 BMW X6 affixed with VIN 5UXCY6C03M9E15790;

    c.   a gray 2023 Jeep Gladiator affixed with VIN 1C6HJTAG4PL534115; and

    d.   a gray 2020 Honda Odyssey affixed with VIN 5FNRL6H23LB062702.

(a. through d., collectively, the "Specific Property");

WHEREAS, the Government seized an additional eighteen vehicles related to the offense charged in Count One of the Indictment that the Government has returned to the victims of Count One of the Indictment (the "Additional Vehicles");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,602,420 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, for which the Defendant is jointly and severally liable with co-defendant, MAMADOU HAIDARA (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, as proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the

2

Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Connie Dang, of counsel, and the Defendant and his counsel, Mahmoud Rabah, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,602,420 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the

Defendant ABDULAI FOFANAH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.     United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

4

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Upon entry of a Final Order of Forfeiture as to the Specific Property, and with the understanding that the Additional Vehicles have been returned to the victims, the Government agrees the Money Judgment will be fully satisfied.

12.    Subject to the paragraph above, pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

5

13.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

15.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York


By:    /s/ Connie L. Dang                                          6/23/2025
       Connie L. Dang                                              DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278
       (212) 637-2543


ABDULAI FOFANAH

By:    _____                     6-23-25
       ABDULAI FOFANAH                                  DATE

By:    _____                     6.23.25
       Mahmoud Rabah, Esq.                              DATE
       Attorney for Defendant


SO ORDERED:

_____                            6/23/2025
HONORABLE ANALISA TORRES                                DATE
UNITED STATES DISTRICT JUDGE


7